## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUSTIN RICHARD NYE, | : | 1:14-cv-713 |
| Plaintiff, | : | |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| CUMBERLAND COUNTY, *et al.,* | : | |
| Defendants. | : | |

## MEMORANDUM

### February 19, 2016

Before the Court is the Motion for Summary Judgment filed by Defendants
Cumberland County, Rachel K. Krupko, Patricia Kramer, and Charles Williams
(Doc. 24) filed on August 10, 2015.   The Motion has been briefed by the parties
(Docs. 25, 26, 27 and 29) and is therefore ripe for our review.  For the reasons that
follow, the Motion shall be granted and judgment shall be entered in favor of
Defendants.

## I.   STANDARD OF REVIEW

Summary judgment is appropriate if the moving party establishes "that there
is no genuine dispute as to any material fact and the movant is entitled to judgment
as a matter of law."  FED. R. CIV. P. 56(a).  A dispute is "genuine" only if there is a
sufficient evidentiary basis for a reasonable jury to find for the non-moving party,
and a fact is "material" only if it might affect the outcome of the action under the

governing law.  *See Sovereign Bank v. BJ's Wholesale Club, Inc.*, 533 F.3d 162, 172 (3d Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  A court should view the facts in the light most favorable to the non-moving party, drawing all reasonable inferences therefrom, and should not evaluate credibility or weigh the evidence.  *See Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 772 (3d Cir. 2013) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)).

Initially, the moving party bears the burden of demonstrating the absence of a genuine dispute of material fact, and upon satisfaction of that burden, the non-movant must go beyond the pleadings, pointing to particular facts that evidence a genuine dispute for trial.  *See id.* at 773 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)).  In advancing their positions, the parties must support their factual assertions by citing to specific parts of the record or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. Civ. P. 56(c)(1).

A court should not grant summary judgment when there is a disagreement about the facts or the proper inferences that a factfinder could draw from them. *See Reedy v. Evanson*, 615 F.3d 197, 210 (3d Cir. 2010) (citing *Peterson v. Lehigh Valley Dist. Council*, 676 F.2d 81, 84 (3d Cir. 1982)).  Still, "the mere existence of

*some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Layshock ex rel. Layshock v. Hermitage Sch. Dist.*, 650 F.3d 205, 211 (3d Cir. 2011) (quoting *Anderson*, 477 U.S. at 247-48) (internal quotation marks omitted).

## II.   PROCEDURAL HISTORY

Plaintiff Justin Richard Nye ("Plaintiff") commenced this action on April 11, 2014 by filing a complaint against Defendants Cumberland County, Correctional Officer Rachel K. Krupko, Phlebotomist Patricia Kramer, Correctional Officer Charles Williams, and Correctional Officer John Doe.[1]  The facts giving rise to this action allegedly occurred during and after Plaintiff's booking at the Cumberland County Prison following Plaintiff's arrest for DUI and related offenses on October 26, 2012.  (Doc. 1).

Employing what can only be considered an everything-but-the-kitchen-sink approach, Nye's Complaint sets forth his claims into sixteen enumerated counts. Rather than catalog the counts chronologically, they are best organized in groups as follows, inasmuch as many of the claims overlap.  Plaintiff asserts excessive

---

[1] Defendant John Doe as named in the caption of this action has never been properly identified or served in this case, nor has an attorney entered an appearance on his behalf.  Nearly two years has lapsed since the filing of this case, thus it appears that Plaintiff has abandoned the action against this unidentified Defendant.  As a result, in accordance with Fed. R. Civ. P. 4(m), the court will direct Nye to show cause within fourteen (14) days why the said John Doe Defendant should not be dismissed from this action.  *See Mei Ling Liu v. Oriental Buffet*, 134 Fed. Appx. 544, 546-47 (3d Cir. 2005)(holding that under Rule 4(m) "prior notice is required irrespective of whether plaintiff is prejudiced by the dismissal").

force, cruel and unusual punishment, and deliberate indifference claims arising under 42 U.S.C. § 1983 against Defendant Williams, as well as a common law assault and battery claim.[2]  (Doc. 1, Counts I, V, IX and XV).  Against Defendants Krupko and Kramer, he asserts common law negligence *per se* claims as well as deliberate indifference and failure to intervene claims arising under 42 U.S.C. § 1983.  (Doc. 1, Counts VIII, XI, XII, XIII, and XIV).  Although not specifically styled as such, we construe Count III, IV and VII to be *Monell* municipal liability claims against Cumberland County pursuant to 42 U.S.C. §1983.  (Doc. 1, Counts III, IV, and VII).

## III.   FACTS

In support of their Motion for Summary Judgment, Defendants appropriately submitted a Statement of Undisputed Facts in conformity with Local Rule 56.1. (Doc. 25).    Specifically, Local Rule 56.1 provides that:

> A motion for summary judgment filed pursuant to Fed. R. Civ. P. 56, shall be accompanied by a separate, short and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried.

> The papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts, responding to the numbered paragraphs set forth in the statement required in the foregoing paragraph, as to which it is contended that there exists a genuine issue to be tried.

---

[2] Plaintiff sets forth the same claims against Defendant John Doe in Counts II, VI, X and XVI.

Statements of material facts in support of, or in opposition to, a motion shall include references to the parts of the record that support the statements.

All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party.

Middle District Local Rule 56.1  "The purpose of this rule is to 'structure a party's summary judgment legal and factual theory into a format that permits and facilitates the court's direct and accurate consideration of the motion." *DeFillipis v. Dell Financial Services*, 2016 U.S. Dist. LEXIS 11271, *6 (M.D. Pa. Jan. 29, 2016)(Mariani, J.)(citations omitted).

Plaintiff's response to the Defendants' Motion is submitted in omnibus fashion, containing both a memorandum of law and an enumerated "Statement of Facts" section.  A closer inspection of Plaintiff's submission reveals that the "Statement of Facts" section is not responsive to the Defendants' Statement of Undisputed Facts, as required by Local Rule 56.1, but rather contains Plaintiff's own recitation of the facts, indexed to the Defendants' exhibits in support of the Motion.  Thus, based on Plaintiff's blatant and wholesale violation of Local Rule 56.1, we may deem as admitted Defendants' submitted undisputed facts.

As referenced at the outset of this Memorandum, the facts giving rise to this civil action occurred in the late hours of October 26, 2012, after Plaintiff was transported to the Cumberland County Prison for booking and processing

5

following his arrest for DUI and related offenses.  (Doc. 25, ¶1). Plaintiff's claims

arise out of the following incident.  During the booking process, after Plaintiff

refused to move to be photographed, Officer Wiliams placed his hands on

Plaintiff's arms to move him to where he wanted him to stand for the photographs,

and Plaintiff, who was not handcuffed, grabbed Officer Williams wrists.  Officer

Williams placed both of his hands on Plaintiff's chest and shoved him to create

distance between Officer Williams and the Plaintiff.  Plaintiff's head struck the

wall, and he was given an ice pack.  (Doc. 25, ¶¶67-72, 64).   This is the sole

factual predicate for Plaintiff's claims.[3]

## IV.    DISCUSSION

### A.    42 U.S.C. § 1983 Claims Against Defendant Williams

Plaintiff's Complaint sets forth enumerated claims for violations of his

Fourth, Eighth, and Fourteenth Amendment rights by Defendant Williams.

However, because Plaintiff was a pre-trial detainee on the night of the incident

---

[3] In Plaintiff's Complaint, he alleges that "as [he] was having his blood drawn, Defendant Williams grabbed Plaintiff, repeatedly struck him in and around the head, neck and shoulders, and then shoved him backwards into a wall or other hard object numerous times.  Defendant Doe repeatedly struck Plaintiff in and around the head, neck and shoulders, and then shoved him backwards into a wall or other hard object numerous times."  (Doc. 1, ¶¶31-32).  In consideration of the instant Motion, the Court viewed Exhibit E *in camera*, which is a video of the Plaintiff's blood draw and subsequent questioning.  At no time during the blood draw is Plaintiff restrained, struck, beaten or shoved in any way**.**  The only person who makes physical contact with the Plaintiff during the blood draw is the phlebotomist, and this contact is the appropriate physical contact one would expect to occur during a blood draw.  Thus, the Court will not consider any of Plaintiff's claims or arguments relative to his utterly false allegation that he was subject to any type of force during his blood draw at the Cumberland County Prison, and we shall dismiss this matter against Patricia Kramer, the phlebotomist who drew Nye's blood on the night in question.

alleged, only the Fourteenth Amendment, not the Fourth or Eighth Amendments apply to this case. *See Graham v. Connor*, 490 U.S. 386 (1989)(all excessive force claims arising out of an arrest, investigatory stop, or other seizure are governed by the Fourteenth Amendment); *see also Whitley v. Albers*, 475 U.S. 312, 318(1986)("[t]he Cruel and Unusual Punishments Clause 'was designed to protect those convicted of crimes' . . . and consequently the Clause applies 'only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions.'"). Thus, the touchstone for a pre-trial detainee claiming he was subjected to excessive force is whether "the force purposely or knowingly used against him was objectively reasonable." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2470 (2015).

Objective reasonableness turns on the "facts and circumstances of each particular case." *Graham*, 490 U.S. at 396. "A court must make this determination from the prospective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id*. A court must also account for the "legitimate interests that stem from [the government's] need to manage the facility in which the individual is detained," appropriately deferring to "policies and practices that in th[e] judgment" of jail officials "are needed to preserve internal order and discipline and maintain institutional security." *Kingsley*, 135 S. Ct. at 2473 (quoting *Bell v. Wolfish*, 441 U.S. 520, 540 (1979)).

Further, and relevantly, "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers" violates the Constitution. *Johnson v. Glick*, 481 F. 2d 1028, 1033 (2d Cir. 1973).

Given the totality of the circumstances, and viewing those circumstances in the light most favorable to the Plaintiff, the Court finds that Defendant Williams' actions were objectively reasonable in pushing Plaintiff off of him when Plaintiff grabbed Officer Williams' wrists while Officer Williams was trying to move Plaintiff in position for photographing.  Officer Williams was dealing with an intoxicated individual who was resisting the officer's directions.  He thus appropriately guided Plaintiff's movement.  Moreover, Plaintiff does not dispute Officer Williams' account of the events, in fact, Plaintiff testified at his deposition that he cannot recall the events leading up to the push, thus we accept Officer Williams' version as true.  With all of the foregoing in mind, we easily conclude that no reasonable jury would find it unreasonable for Officer Williams to push Plaintiff off of him when Plaintiff grabbed the officer's wrists, or that this conduct violated Plaintiff's constitutional rights.

Accordingly, we shall grant summary judgment in favor of the Defendant Williams with respect to Plaintiff's claims of excessive force.

### B.   *Monell* Claims against Cumberland County

At the outset of our analysis on the claims set forth against Cumberland County, we note that Plaintiff has not opposed this portion of the Defendants' Motion for Summary Judgment.  We construe Plaintiff's omission to be an abandonment of these claims, however, for the sake of completeness, we shall engage in an abbreviated *Monell* analysis.

Commonly known as a *Monell* claim, "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts injury . . . the government as an entity is responsible under § 1983." *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978).  In order to hold a municipality liable as a "person" within the meaning of 42 U.S.C. § 1983, the plaintiff must establish that an identified municipal policy or practice was the "moving force [behind] the constitutional violation." *Id.*  "Policy is made when a 'decisionmaker possess[ing] final authority to establish a municipal policy with respect to the action' issues an official proclamation, policy or edict." *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009) (quoting *Andrews v. City of Phila.*, 895 F.2d 1469, 1480 (3d Cir. 1990)).  "A course of conduct is considered to be a custom when, though not authorized by law, 'such practices of state officials [are] so permanently and well-settled' as to virtually constitute law." *Id.*  Policy or custom causation may be

established by "demonstrat[ing] that the municipal action was taken with 'deliberate indifference' as to its known or obvious consequences." *A.M.*, 372 F.3d 572, 580 (3d Cir. 2004) (quoting *Bd. Of Count Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 407 (1997)).

In order to prove the existence of a policy or custom, a plaintiff must establish the following: (1) the existence of a formal policy, officially promulgated or adopted by a municipality; *Monell*, 436 U.S. at 690; or (2) that an official or officials responsible for establishing final policy with respect to the subject matter in question took action or made a deliberate, specific decision that caused the alleged violation of plaintiff's constitutional rights, *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483-84 (1986)(citation omitted); or (3) the existence of an unlawful practice by subordinate officials so permanent  and well settled as to constitute "custom or usage" and proof that this practice was so manifest or widespread as to imply the constructive acquiescence of policymaking officials, *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127-30 (1989); or (4) if liability is based on a claim of failure to train or supervise, that "the failure to train amounts to deliberate indifference to the rights of persons with whom . . . [municipal employees] came into contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989).  Further, a plaintiff must adequately give notice to a municipality-defendant for the basis of its claim, which requires some specificity as to the custom, policy, or procedure which

caused the plaintiff's injuries, as opposed to a generic and unspecified reference to a custom, policy, or procedure. *See McTernan,* 564 F. 3d at 658(citing *Phillips v. Cnty. of Allegheny*, 515 F. 3d 224, 232 (3d Cir. 2008)).

In Counts III, IV and VII of the Complaint, Plaintiff alleges generic, boilerplate *Monell* claims against Cumberland County.[4]  Specifically, Plaintiff contends that Cumberland County "implemented policies mandating Defendants Williams and Doe to use excessive force against Plaintiff." (Doc. 1, ¶¶ 93, 100). Not only is this allegation fanciful, Plaintiff provides no support for the existence of such a policy in the summary judgment record.  Simply put, based on the undisputed material facts in this matter, no reasonable jury could find that Cumberland County implemented or maintained a municipal policy that caused injury to the Plaintiff.  Accordingly, we shall grant summary judgment in favor of Cumberland County on all claims lodged against it in this matter.

## C.    Claims against Defendant Krupko

As noted above, Plaintiff asserts a deliberate indifference/failure to intervene claim pursuant to 42 U.S.C. § 1983 against Officer Krupko.  It is well established that where "a police officer, whether supervisory or not, fails to or refuses to intervene when a constitutional violation such as an unprovoked beating takes

---

[4] Count VII bases *Monell* liability on alleged Eighth Amendment violations, however, as discussed *supra*, the Eighth Amendment is not applicable to Plaintiff's claims because he was a pre-trial detainee, not a convicted prisoner.

place in his presence, the officer is directly liable under §1983." *Smith v. Mensinger*, 293 F. 3d 641, 650-51 (3d Cir. 2002).  The salient analysis is whether the observing officer had reason to know that a constitutional violation was occurring, and whether that officer had a "reasonable and realistic opportunity to intervene." *Smith*, 293 F. 3d at 651.  Inasmuch as we have already concluded that Defendant Williams did not commit a constitutional violation of Plaintiff's rights, Defendant Krupko cannot be found liable of failing to intervene in Defendant Williams' conduct.  Further, even assuming *arguendo* that Defendant Williams' act of shoving Plaintiff off of him was a form of excessive force, in our view no reasonable jury could conclude that Officer Krupko would have had a "reasonable and realistic opportunity to intervene" in such an immediate, reactionary, and quick act.  Accordingly, we shall grant summary judgment in favor of Defendant Krupko with respect to these claims.

### D.    Supplemental Jurisdiction

Pursuant to 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over state law claims following the district court's dismissal of federal claims over which the court has original jurisdiction.  Here, because we are dismissing all of the federal claims of original jurisdiction, we shall exercise our discretion to dismiss the state law claims without prejudice, inasmuch as we shall decline to exercise supplemental jurisdiction over these claims.

**V.      CONCLUSION**

Based on the foregoing analysis, the Court shall grant the Defendants'

summary judgment motion with respect to the federal claims and dismiss the state

claims without prejudice. An appropriate Order shall issue.